**In the Matter of Richard LOISEAU, Petitioner.**

**No. 98S00–1001–DI–2.**

Supreme Court of Indiana.

March 7, 2016.

### Published Order Granting Reinstatement to the Practice of Law

On November 22, 2011, this Court entered an order suspending Petitioner for not less than 90 days without automatic reinstatement, effective December 29, 2011. Petitioner filed a petition for reinstatement on May 6, 2015. Following proceedings before a hearing officer, on January 8, 2016, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in Indiana.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendations of the Commission and its hearing officer should be accepted. The Court therefore GRANTS the petition for reinstatement and REINSTATES Petitioner as a member of the Indiana bar as of the date of this order. Petitioner shall pay any costs owing under Admis. Disc. R. 23(18)(d).

RUSH, C.J., and RUCKER and MASSA, JJ., concur.

DICKSON, J., votes to deny reinstatement, believing that Petitioner

has failed to prove by clear and convincing evidence requirements (4), (6), and (7) of Admis. Disc. R. 23(4)(b).

DAVID, J., votes to deny reinstatement.